UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**INOCENCIO GOMEZ,**

    Plaintiff,

v.                                                                                                   Case No. 19-2370
**JOHN D. BROMMER d/b/a
DRU'S LAWN CARE,**

    Defendant.

## COMPLAINT UNDER THE FLSA

Plaintiff Inocencio Gomez ("Plaintiff"), through his attorneys, brings this action against Defendants John D. Brommer d/b/a Dru's Lawn Care ("Defendant") under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

### I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

#### A. Parties

2. Plaintiff Inocencio Gomez is an adult resident of Memphis, Tennessee. During the applicable statutory period, Plaintiff worked as a general laborer and landscaper for Defendant.

3. Defendant John D. Brommer is an adult resident of Shelby County, Tennessee who lives at 1497 Crestwood Dr., Memphis, TN 38119. Mr. Brommer operates a sole

proprietorship and does business as Dru's Lawn Care using both 1497 Crestwood Dr., Memphis, TN 38119 and 3855 Homewood Dr., Memphis, TN 38118 as places of business.

4. At all relevant times herein, Defendant was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant performed landscaping and yard work for residential and commercial properties in Tennessee and north Mississippi and has annual sales of not less than $500,000.

7. Defendant is the owner and manager of Dru's Lawn Care, and at all times herein, he has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d). Defendant acted directly in the interest of his business in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at a rate of one and one-half times Plaintiff's hourly rate for time worked in excess of forty hours in a work week. Defendant is a resident of Memphis, Tennessee.

## B. Factual Allegations

8. Plaintiff brings this action on behalf of himself as authorized under 29 U.S.C. § 216(b).

9. Plaintiff was employed by Defendant as a general laborer and landscaper performing work for Defendant in the Mid-South area, during the applicable statutory period. Plaintiff began his employment with Defendant in in or around 2010. Plaintiff's primary responsibilities and duties consisted of general manual labor, landscaping, and yard work. He had no authority to hire or fire employees, and his opinion of whether employees should be hired or fired was given no weight by Defendant.

10. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than $7.25 per hour and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

11. Throughout his employment, Defendant paid Plaintiff $14 per hour. Plaintiff regularly worked between 58-61 hours per week in the spring, summer, and fall. In the winter, Mr. Gomez averaged between 50-52 hours per week of work.

12. For time worked in excess of 40 hours in a work week, Defendant continued to compensate Plaintiff at an hourly rate of $14 and did not compensate him at a rate of 1.5 times his hourly rate.

13. Defendant's failure to pay Plaintiff at the applicable overtime rate continued from the inception of Plaintiff's employment until the end of his employment on April 18, 2019.

14. The exact amount of unpaid overtime wages will be calculated during discovery,

but Plaintiff estimates that he is owed unpaid overtime compensation to date in an amount of approximately $20,000.

15. As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1) with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

16. Further, Defendant has failed to make, maintain, and preserve records of Plaintiff's daily hours worked, his hours worked in each work week, and his total amount of overtime worked. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

17. The foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

18. Further, Defendant did not have a reasonable, good faith basis for denying Plaintiff his legally required overtime compensation.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

6. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

7. For all such further relief as the Court deems just and equitable.

                Respectfully submitted,

                /s/Bryce W. Ashby
                William B. Ryan – TN Bar #20269
                Bryce W. Ashby – TN Bar #26179
                Janelle C. Osowski – TN Bar #31359
                DONATI LAW, PLLC
                1545 Union Avenue
                Memphis, TN 38104
                Telephone: 901-278-1004
                Fax: 901-278-3111
                Email: bryce@donatilaw.com

                ATTORNEYS FOR PLAINTIFF